RECEIVED
IN LAKE CHARLES, LA
MAR 0 9 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GLORIA MAE WILLIAMS, on behalf of herself and all others similarly situated | : | DOCKET NO. 06-562 |
| VS. | : | JUDGE TRIMBLE |
| UNION PACIFIC RAILROAD CO., ET AL | : | MAGISTRATE JUDGE KAY |

## ORDER

On November 24, 2008, the Plaintiff, and defendant, Calcasieu Parish Police Jury ("Police Jury"), through their attorneys filed a "Stipulation of Settlement Between Plaintiff and Defendant, Calcasieu Parish Police Jury"(doc. #73), wherein these parties attempted to settle their claims on the terms and conditions stated in the Stipulation. The settlement amount was to be applied solely to costs of the ongoing litigation with no payments being made to the Representative Plaintiff or any member of the putative class. Because the instant suit alleges a class action, these parties intended to stipulate to the class certification for settlement purposes only. The Parties seek from this Court preliminary approval of the settlement class and settlement amount.

On November 25, 2008, the Court scheduled a Settlement Hearing for February 4, 2009 before the undersigned. On January 19, 2009, the Magistrate Judge issued a Report and Recommendation recommending that the Motion to Certify Class be denied.[1] Accordingly, the undersigned canceled the Settlement Hearing and further ordered the parties to submit briefs by February 5, 2009, to address whether or not the Parties' requested settlement fairness hearing would

---

[1] Doc. #79.

be appropriate, should the Court adopt the report and recommendation denying class certification. As of this date, neither Plaintiff, nor the Police Jury have filed any response.

In *Amchem Products, Inc., et al v. Windsor, et al*,[2] in determining if a court could hold a fairness hearing and permit the parties to stipulate to class certification for settlement purposes only, the Supreme Court held the following:

> [C]ourts must be mindful that they are bound to enforce the Rule [23] as now composed, for Federal Rules may be amended only through the extensive deliberative process Congress prescribed. Rule 23(e)'s settlement prescription was designed to function as an additional requirement not a superseding direction, to the class-qualifying criteria for Rule 23(a) and (b). The dominant concern of Rule 23(a) and (b)- that a proposed class have sufficient unity so that absentees can fairly be bound by class representatives' decisions-persists when settlement, rather than trial, is proposed. Those subdivisions' safeguards provide practical checks in the settlement context. First, their standards serve to inhibit class certifications dependent upon the court's gestalt judgment or overarching impression of the settlement's fairness. Second, if a Rule 23(e) fairness inquiry controlled certification, eclipsing Rule 23(a) and (b), and permitting certification despite the impossibility of litigation, both class counsel and court would be disarmed. Class counsel confined to settlement negotiations could not use the threat of litigation to press for a better offer, and the court would face a bargain proffered for its approval without benefit of adversarial investigation. Federal courts, in any case, lack authority to substitute for Rule 23's certification criteria a standard never adopted by the rulemakers- that if a settlement is "fair," then certification is proper.

The Court has reviewed the Magistrate Judge's recommendation filed herein and conducted an independent review of the record, and a *de novo* determination of the issues, and has considered the objections filed herein. The Court notes defendants', Terra Mississippi Nitrogen, Inc. and Union Pacific Railroad Company, objections as to the Magistrate's findings regarding numerosity and adequacy of representation. The Court disagrees with those findings based on a lack of appropriate definitive evidence in the record to support them. However, the Court agrees with the Magistrate's

---

[2] 521 U.S. 591, 593, 117 S.Ct. 2231 (1997).

2

ultimate finding that the class action device is not a superior method of adjudication because there would of necessity be a diversity in the types and degrees of damages allegedly suffered by the prospective plaintiffs. This alone is both evident and sufficient to deny class certification. Therefore, the ruling of the Magistrate Judge will be affirmed and class certification will be denied. Accordingly, it is

**ORDERED** that Plaintiff's Motion for Class Certification (doc. #46) be, and it is hereby **DENIED. FURTHERMORE,** the Court finds no basis in law to hold a fairness hearing as to the Plaintiff's and the Policy Jury's proposed stipulated settlement.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 9th day of March, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE